**IMG-192** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2163
_____

EMINE BEQIRI AND BARDHYL BEQIRI,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A073-607-454 and A090-660-298)
Immigration Judge: Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2010

Before: FUENTES, ROTH and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 24, 2010)
_____

OPINION
_____

PER CURIAM

Bardhyl Beqiri and Emine Beqiri ("the Beqiris"), husband and wife, petition for

review of the Board of Immigration Appeals' ("BIA") April 15, 2009 order denying their

motion to reopen their immigration proceedings. We will deny the petition.

I.

The Beqiris are natives of former Yugoslavia and citizens of Macedonia. They entered the United States in January 1987 and were placed in deportation proceedings by service of an order to show cause in April 1995. Seeking relief from deportation, the Beqiris applied for asylum and withholding of deportation, claiming past persecution because of their status as ethnic Albanians and practicing Muslims living in Macedonia. The immigration judge ("IJ") denied the Beqiris' application, and the BIA affirmed the IJ's decision in February 2001. The Beqiris did not file an appeal.

In October 2008, Bardhyl Beqiri was taken into custody. That same month, through counsel, the Beqiris filed a motion to reopen and motion for a stay of deportation with the BIA. The BIA denied both motions in November 2008. The Beqiris again did not appeal. After obtaining new counsel, the Beqiris filed a second motion to reopen in January 2009, arguing that there have been material changes in the treatment of ethnic Albanians living in Macedonia since the BIA closed their immigration proceedings in 2001. The BIA concluded that the alleged changed conditions were not material and, in an April 2009 decision, denied the Beqiris' motion to reopen as both untimely and number barred. This petition for review followed.

II.

Although we have jurisdiction to review the BIA's order denying the Beqiris' motion to reopen, see Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003), the

scope of our review is limited. INS v. Doherty, 502 U.S. 314, 323 (1992). Under the regulations, the BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). Accordingly, we review the BIA's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna, 325 F.3d at 409. Thus, in order to succeed on the petition for review, the Beqiris must show that the BIA's discretionary decision was arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (quotation omitted).

III.

A motion to reopen must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. See 8 C. F. R. § 1003.2(c)( 2). In addition, petitioners are typically barred from filing more than one motion to reopen. Id. The Beqiris filed their second motion to reopen in January 2009, far outside of the time limit. However, under 8 C.F.R. § 1003.2(c)(3)(ii), petitioners may escape the numerical and time limitations set forth in § 1003.2(c)(2) by establishing changed country conditions arising in the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding. See 8 C.F.R. § 1003.2(c)(3)(ii).

As mentioned, the Beqiris sought to reopen their proceedings by arguing that

3

conditions for ethnic Albanians living in Macedonia have materially changed since the BIA ordered their removal in February 2001. As primary support for their argument, the Beqiris submitted an affidavit from Dr. Bernd Fischer, a professor of Balkan history at Indiana University and consultant with the Executive Office for Immigration Review. Dr. Fischer opined that the Beqiris suffered past persecution and that they would face a reasonable possibility of persecution if returned to Macedonia because of: (1) Bardhyl Beqiri's status as an ethnic Albanian; (2) his Muslim religion; (3) past treatment by the State Police during the Communist regime; and (4) the Beqiris' long-term presence in the United States. (A.R. 64.)[1] Dr. Fischer further opined that conditions for ethnic Albanians living in Macedonia have worsened since the Beqiris' first deportation hearing in 1995. (Id.)

The BIA acknowledged that the changed country conditions exception set forth in § 1003.2(c)(3)(ii) might apply to the Beqiris' case, and therefore reviewed Dr. Fischer's affidavit as well as a 2008 Amnesty International Report for Macedonia that the Beqiris presented with their motion. After reviewing the evidence, the BIA concluded that the evidence did not demonstrate a material change in the mistreatment of ethnic Albanians in Macedonia and, thus, the Beqiris were not entitled to relief under § 1003.2(c)(3)(ii).

After reviewing the record, we conclude that the BIA did not abuse its discretion

---

[1]The immigration judge determined, however, that the Beqiris had not suffered past persecution when he denied their application for asylum in 1995. (A.R. 39-40.)

4

in denying the Beqiris' motion to reopen. While Dr. Fischer's affidavit provides a historical account of the tensions between ethnic Albanians and Macedonians and describes some recent incidents of violence directed against ethnic Albanians by Macedonian military and police, the affidavit fails to establish that the problems faced by ethnic Albanians are more prevalent now than they were at the time of the Beqiris' prior administrative proceedings. We also agree with the BIA that there is no indication in the 2008 Amnesty International Report for Macedonia that conditions have materially worsened for ethnic Albanians since the Beqiris' last hearing.

Contrary to the Beqiris' contention, we conclude that the BIA's decision reflects that it fairly considered the record evidence. While the BIA may not have explicitly commented on a single-page article from *Crisis Watch* that the Beqiris also presented with their motion to reopen, as we have previously explained, "[c]onsideration of all evidence does not require comment on all evidence." Thu v. Att'y Gen., 510 F.3d 405, 416 n.16 (3d Cir. 2007); cf. Zheng v. Att'y Gen., 549 F.3d 260, 271 (3d Cir. 2008) (holding that BIA's decision was inadequate because it "fail[ed] to offer even a cursory review of the record"). Moreover, that article only provides a brief statement on the 2008 parliamentary elections in Macedonia, which Dr. Fischer also discussed in his affidavit; it does not offer evidence of changed conditions.[2]

---

[2]The Beqiris also argue in a supplemental letter, which we construe as a letter pursuant to Fed. R. App. P. 28(j), that they are entitled to relief because an immigration judge reopened a similar case in 2009. They assert that "[t]he motion in [that] case is virtually

Lastly, the Beqiris argue that the BIA should have permitted an IJ to consider their application for protection under the Convention Against Torture ("CAT") because their prior deportation proceedings were concluded before such relief was available. The argument is without merit. While it is true that relief under the CAT was not available at the time of their prior administrative proceeding, aliens whose orders of deportation became final prior to the implementation of the CAT had until June 21, 1999, to file a motion to reopen. See 8 C.F.R. § 208.18(b)(2)(i). The Beqiris did not do so.

Having found no abuse of discretion on the part of the BIA in denying the Beqiris' motion to reopen, we will deny the petition for review.

---

identical to the motion filed in [their] case." (See Supp. at 1.) However, the Beqiris have not provided us with copy of the motion in that case and it is unclear what evidence the IJ may have relied on in reaching its conclusion. Accordingly, we do not find the ruling in that case instructive in our evaluation of the Beqiris' petition for review.